IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RIFFEL LAW FIRM, PLLC, a Professional Limited Liability Company, ) ) ) Plaintiff, ) ) vs. ) ) HEATH D. GAISFORD, an individual; ) ALISHA LOUISE GAISFORD, an ) individual; DENNIS IRVIN GAISFORD, ) an individual; LOLA FAYE GAISFORD, ) an individual; STATE OF OKLAHOMA ) ex rel. OKLAHOMA TAX ) COMMISSION; ELLIS COUNTY ) TREASURER and BOARD OF COUNTY ) COMMISSIONERS; U.S. DEPARTMENT ) OF AGRICULTURE ex rel. FARM ) SERVICE AGENCY; and JOHN DOE, ) occupant, ) ) Defendants. ) | No. CIV-20-616-C |

MEMORANDUM OPINION AND ORDER

The Gaisford Defendants seek partial summary judgment arguing that the undisputed material facts demonstrate they are entitled to judgment on Plaintiff's claim to foreclose on an attorney's lien. According to the Gaisfords, Plaintiff's claim must fail as a valid attorney's lien was never created or perfected in the underlying litigation. Plaintiff objects, arguing the lien was proper and that it properly attached to real estate owned by the Gaisfords.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). [A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact. Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). The burden is not an onerous one for the nonmoving party in each case but does not at any point shift from the nonmovant to the district court. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

Plaintiff was hired by the Gaisford Defendants to pursue an action premised on a contract between the Gaisfords and North American Harvest, Inc. ("NAH"). Believing that NAH had failed to adhere to the terms of the contract and/or committed fraud, the Plaintiff, on behalf of the Gaisfords, filed a lawsuit in Oklahoma County District Court. In that underlying lawsuit, Plaintiff sought injunctive relief to prevent NAH from harvesting crops related to the contract. The lawsuit was filed on October 10, 2019, and settled on November 20, 2019. The Gaisfords filed a Dismissal with Prejudice on December 4, 2019, and NAH filed a dismissal of its counterclaims with prejudice the next day. On April 17, 2020, Plaintiff for the first time filed a Notice of Attorney's Lien in the underlying lawsuit. This litigation followed.

Plaintiff's claim challenged by the present Motion seeks to impose an attorney's lien on real property owned by the Gaisfords. The Gaisfords argue that Plaintiff failed to create a valid lien and thus it cannot attach to the Gaisfords' property. The parties are in agreement that 5 Okla. Stat. § 6 governs the issue. That statute states:

> A. From the commencement of an action, or from the filing of an answer containing a counterclaim, the attorney who represents the party in whose behalf such pleading is filed shall, to the extent hereinafter specified, have a lien upon his client's cause of action or counterclaim, and same shall attach to any verdict, report, decision, finding or judgment in his or her client's favor; and the proceeds thereof, wherever found, shall be subject to such lien, and no settlement between the parties without the approval of the attorney shall affect or destroy such lien, provided such attorney serves notice upon the defendant or defendants, or proposed defendant or defendants, in which he or she shall set forth the nature of the lien he or she claims and the extent thereof; and the lien shall take effect from and after the

service of such notice, but such notice shall not be necessary provided such attorney has filed such pleading in a court of record, and endorsed thereon his or her name, together with the words "Lien claimed."

      B. In order to claim an attorney's lien on real property, the attorney shall file a Notice of Attorney's Lien in the office of the county clerk of the county where the real estate is situated and shall refile the Notice of Attorney's Lien every five (5) years before the expiration of the date previously filed.  The Notice of Attorney's lien shall contain the style of the case, the court where pending, the case number, the attorney's name, address and phone number and a complete legal description of the property subject to the lien.

      C. Any attorney claiming an attorney's lien prior to the effective date of this act shall have a period of one (1) year from such date to file a Notice of Attorney's Lien in accordance with subsection B of this section.

      D. An action to enforce an attorney's lien against real property shall be commenced in the county where the real property is situated within ten (10) years of recordation of the Notice of Attorney's Lien with the county clerk.  The ten-year period for an attorney's lien claimed prior to the effective date of this act shall run from the effective date regardless of when the Notice of Attorney's Lien is recorded.

The Gaisfords argue that any lien must first comply with paragraph A before the remaining paragraphs apply.  Plaintiff responds, arguing that it proceeded under paragraph B to create and perfected a valid lien.  While Plaintiff's actions may have been in compliance with paragraph B, the fatal blow to its position is the failure to first comply with paragraph A.  It is clear from reading the statute that paragraph A establishes the procedure for creating a valid attorney's lien.  Then, if it is permissible to assert that lien against real property, the remainder of the statute establishes the procedure for that action.  Here, Plaintiff failed to give notice of its lien until after the litigation had completed.  At that point, nothing remained in the action to which the lien could attach.  Thus, the attempt

4

to file and subsequently enforce a lien against the Gaisfords' property must fail as a matter of law. The Gaisfords are entitled to judgment on Plaintiff's claim to foreclose the lien.

As set forth more fully herein, the Gaisford Defendants' Motion for Partial Summary Judgment (Dkt. No. 35) is GRANTED. A separate Judgment shall issue at the close of this case.

IT IS SO ORDERED this 12th day of January, 2021.

ROBIN J. CAUTHRON
United States District Judge