IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RIFFEL LAW FIRM, PLLC, a Professional Limited Liability Company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   No. CIV-20-616-C<br>) |
| HEATH D. GAISFORD, an individual; ALISHA LOUISE GAISFORD, an Individual; DENNIS IRVIN GAISFORD, an individual; LOLA FAYE GAISFORD, an individual; STATE OF OKLAHOMA, ex rel. OKLAHOMA TAX COMMISSION; ELLIS COUNTY TREASURER and BOARD OF COUNTY COMMISSIONERS; U.S. DEPARTMENT OF AGRICULTURE, ex rel. FARM SERVICE AGENCY; and JOHN DOE, Occupant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants, | )<br>) |
| HEATH D. GAISFORD, an individual; ALISHA LOUISE GAISFORD, an individual; DENNIS IRVIN GAISFORD, an individual; and LOLA FAYE GAISFORD, an individual, | )<br>)<br>)<br>)<br>) |
| Counterclaim Plaintiffs, | )<br>) |
| vs. | )<br>) |
| RIFFEL LAW FIRM, PLLC, a Professional Limited Liability Company, CRAIG RIFFEL, an individual; KATRESA RIFFEL, an individual; and JONATHAN F. BENHAM, an individual, | )<br>)<br>)<br>)<br>)<br>) |
| Counterclaim Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Defendants Heath D. Gaisford, Alisha Louise Gaisford, Dennis Irvin Gaisford, and Lola Faye Gaisford ("Defendants") seek judgment in their favor quieting title to the real property at issue in this lawsuit. Plaintiff Riffel Law Firm objects, arguing the Court's January 12, 2021, Order granting Defendants' Motion for Partial Summary Judgment determining that the lien filed by Plaintiff was invalid moots the relief sought by Defendants in their Motion.

The parties do not dispute that the lien that was filed by Plaintiff has been held invalid by this Court and as a result is no longer is enforceable. The dispute centers on whether, even in light of the Court's ruling, the filing of the lien creates a cloud on the title to the Defendants' property and that an additional ruling from the Court is necessary to remove that cloud. Citing Oklahoma's Nonjudicial Marketable Title Procedures Act, 12 Okla. Stat. §§ 1141.1, et seq. ("MTA"), Plaintiff argues there is no longer a cloud as defined by § 1141.2. That section states:

> "Apparent cloud" means an effect, without a judgment of a court of competent jurisdiction, which in the good faith opinion of a requestor results in a condition of title to real property located in the State of Oklahoma that fails to meet the standard of "marketable title" as defined by the "Oklahoma Title Examination Standards" as adopted and revised by the House of Delegates of the Oklahoma Bar Association . . . .

According to Plaintiff, because the Court's Order invalidating the lien is from a court of competent jurisdiction, this statute makes clear the lien cannot create a cloud on

2

the title.  Defendants respond, arguing that it is undisputed that this Court has not yet entered judgment on the lien issue and so the terms of the statute are not yet met. Defendants argue an order quieting title is necessary to address the cloud.

The Court finds Defendants' argument well founded.  In the absence of a judgment the Court's Order invalidating the lien is not final.  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge").  Thus, a reasonable title examiner could still find that a cloud existed on Defendants' title.  Defendants have demonstrated they are entitled to removal of that defect and Plaintiff has failed to offer any persuasive argument or authority to the contrary.  Accordingly, the Court finds Defendants' Motion for Partial Summary Judgment should be granted.  Additionally, the Court holds the issues regarding the validity of the lien and the necessity of removing the cloud on title are final and so will enter judgment in favor of Defendants on these issues.

As set forth more fully herein, Gaisford Defendants' Motion for Partial Summary Judgment (Dkt. No. 55) is GRANTED.  A separate judgment will issue.

IT IS SO ORDERED this 3rd day of May 2021.

ROBIN J. CAUTHRON
United States District Judge